IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MARX HAWK and TARLOCHAN SINGH KHELA

    Plaintiffs,

v.

JAY D. ROWAN; MONETTE SUTPHIN; SEMCO, INC. a/k/a SUTPHIN ELECTRIC MOTORS, CORP., a Colorado Corporation and INSURANCE COMPANY OF BRITISH COLUMBIA

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiffs, Marx Hawk and Tarlochan Singh Khela, by and through their attorneys Anderson Hemmat, LLC and for their Complaint and Jury Demand against the Defendants, state and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. The Plaintiffs are individuals who are residents and domiciliaries of Surrey, British Columbia.

2. The Defendant Jay D. Rowan (hereinafter referred to as "Defendant Rowan") is a resident and domiciliary of the City of Lamar, County of Prowers, State of Colorado with an address of 8641 County Road LL, Lamar, Colorado 81052.

3. The Defendant Monette Sutphin (hereinafter referred to as "Defendant Sutphin") is a resident and domiciliary of the City of Lamar, County of Prowers, State of Colorado with an address of 8641 County Road LL, Lamar, Colorado 81052.

1

4. The Defendant Semco, Inc. d/b/a Sutphin Electric Motors, Corp. (hereinafter referred to as "Defendant Semco") is a for profit corporation organized under the laws of the State of Colorado with a principal office address of 7595 US HWY 50, Lamar, Colorado 81052.

5. The Defendant Insurance Corporation of British Columbia (hereinafter referred to as "Defendant ICBC") is a for profit corporation organized under the laws of Canada with an address of 151 West Esplanade, North Vancouver, BC V7M 3H9.

6. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

7. On September 16, 2021, at approximately 9:21 p.m., Plaintiff Marx Hawk was driving a 2014 Freightliner with Plaintiff Tarlochan Singh Khela riding as passenger and was proceeding northbound on Highway 287 toward the intersection with Highway 196 in the County of Prowers, State of Colorado. At that same time and place, Xander S. Rowan, now deceased, but at the time only 16 years old, was driving with **5** underage passengers in a 2014 Ford Explorer owned by Defendant Semco and was proceeding eastbound on Highway 196 towards the intersection of Highway 287 and in a reckless, carless and negligent manner, failed to stop at the stop sign and struck Plaintiff's truck causing the truck to overturn and jackknife, thereby resulting in injuries, damages and losses to Plaintiffs.

8. Taking into consideration policy language between Plaintiffs and Defendant ICBC in their contract of insurance, Defendants Rowan and Sutphin (parents of Xander Rowan, now deceased) constituted an underinsured motorist making Plaintiffs eligible to pursue underinsured motorist benefits from Defendant ICBC pursuant to the contract.

9. Pursuant to contract between Plaintiffs and Defendant ICBC, Defendant ICBC has the responsibility of paying up to contractual insurance policy limits, injuries and damages caused by the underinsured motorist.

10. All damages to the Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS' JAY D. ROWAN and MONETTE SUTPHIN
(Family Car Doctrine)

11. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 10 in the Introductory Allegations.

12. The Defendants Rowan and/ or Sutphin, are, upon information and belief, head of their household.

13. Upon information and belief Xander S. Rowan was a resident relative of the household of his parents, Defendants Rowan and Sutphin at the time of the above-referenced collision.

14. Defendants Rowan and Sutphin are, upon information and belief, vicariously liable for the torts of, Xander S. Rowan through the application of the Family Car Doctrine to the same level as their son, Xander S. Rowan.

15. All damages to the Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS JAY D. ROWAN and MONETTE SUTPHIN
(Financial Responsibility Act, C.R.S. § 42-2-108)

16.     Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 15 in the Introductory Allegations and the First Claim For Relief.

17.     Upon information and belief, Defendant Rowan and/ or Sutphin signed documentation at the Colorado Department of Motor Vehicles at the time their son, Xander S. Rowan obtained his driver's permit/ license.  Pursuant to C.R.S. § 42-2-108(2), any negligence of a minor under the age of eighteen years of age who drives a motor vehicle is imputed to Defendants Rowan and/ or Sutphin.  Defendants Rowan and/ or Sutphin are jointly and severally liable with Xander S. Rowan for the damages caused by his negligence.

18.     Defendants Rowan and/ or Sutphin would therefore be vicariously responsible for the accident their minor son caused and the injuries and damages sustained by Plaintiffs.

19.     All damages to the Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiffs pray for relief all is as more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT SEMCO, INC., a/k/a SUTPHIN ELECTRIC MOTORS, CORP.
(Negligent Entrustment)

20.     Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 19 in the Introductory Allegations and the First and Second Claims For Relief.

21.     Defendant Semco failed to exercise proper dominion and control over their vehicle so as not to be driven by a 16-year-old Xander S. Rowan with **5** underage passengers in violation of C.R.S. § 42-4-116 and/or without proper consideration of Xander S. Rowan's propensities to operate a motor vehicle in a negligent, careless and reckless fashion.

22.     Defendant, with said knowledge, or reason to have such knowledge, did apparently entrust Xander S. Rowan to a vehicle owned by Defendant Semco, to operate on the

roadways of the State of Colorado. The entrustment of the vehicle to be operated on the roadways of the State of Colorado with the knowledge of, or reason to have such knowledge of the driving record or the driving propensities of Xander S. Rowan or without inquiring as to same, was negligent and careless.

23. As a direct, immediate and proximate result of Defendant Semco's negligent actions and/ or omissions Plaintiffs have been injured and damaged as identified as above.

24. All damages to Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiffs pray for relief all is as more particularly hereinafter set forth.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE CORPORATION OF BRITISH COLUMBIA
(Contract Claim)

25. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 24 in the Introductory Allegations and the First, Second and Third Claims for Relief.

26. In consideration of payments of premiums, Defendant ICBC issued a policy of insurance to Plaintiffs that was in full force and effect at the time of the September 8, 2021 automobile collision. The policy issued by Defendant ICBC constitutes a contract for uninsured/underinsured motorist coverage.

27. Taking into consideration policy language between the policy holder and Defendant ICBC in their contract of insurance, the at-fault driver for the September 8, 2021 accident (Xander S. Rowan) constituted an underinsured motorist making Plaintiffs eligible to pursue underinsured motorist benefits from Defendant ICBC pursuant to the contract.

28. Plaintiffs have performed all obligations imposed upon her by the policy of insurance.

5

29. Due to said contract, Plaintiffs are entitled to underinsured benefits up to the amount of coverage under the policy. Because Plaintiffs' damages far exceed the tortfeasors' insurance policy, Defendant ICBC is a necessary party that must be jointed in this action.

30. All damages to the Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, on account of the matters set forth in the First and Second Claims For Relief, Plaintiffs Marx Hawk and Tarlochan Singh Khela pray for a judgment in favor of the Plaintiffs and against the Defendants Jay D. Rowan and Monette Sutphin in an amount which will fully compensate them for their injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for property damage, for loss of the ability to enjoy life as they did before the accident, for permanent physical injuries, economic losses and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

WHEREFORE, on account of the matters set forth in the Third Claim For Relief, Plaintiffs Marx Hawk and Tarlochan Singh Khela pray for a judgment in favor of the Plaintiffs and against the Defendant Semco, Inc. a/k/a Sutphin Electric Motors Corp. in an amount which will fully compensate them for their injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for property damage, for loss of the ability to enjoy life as they did before the accident, for permanent physical injuries, economic losses and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

WHEREFORE, on account of the matters set forth in the Fourth Claim For Relief, Plaintiffs Marx Hawk and Tarlochan Singh Khela pray for a judgment in favor of the Plaintiffs and against the Defendant Insurance Corporation of British Columbia in an amount which will fully compensate them for their injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for property damage, for loss of the ability to enjoy life as they did before the accident, for permanent physical injuries, economic losses and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

**PLAINTIFFS DEMAND A TRIAL TO A JURY OF SIX (6) PERSONS**

Respectfully submitted this 6th day of April 2022

ANDERSON HEMMAT, LLC

*/s/ Chad P. Hemmat*
Chad P. Hemmat
5613 DTC Parkway, Suite 150
Greenwood Village, Colorado 80111
Phone Number: 303/782-9999
Fax Number: 303/782-9996
chad@andersonhemmat.com
Attorney for Plaintiff

Plaintiffs' Address:

7479 148th Street
Surrey, BC V3S 3E8

WHEREFORE, on account of the matters set forth in the Fourth Claim For Relief, Plaintiffs Marx Hawk and Tarlochan Singh Khela pray for a judgment in favor of the Plaintiffs and against the Defendant Insurance Corporation of British Columbia in an amount which will fully compensate them for their injuries and damages in the past, present and future including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for property damage, for loss of the ability to enjoy life as they did before the accident, for permanent physical injuries, economic losses and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

**PLAINTIFFS DEMAND A TRIAL TO A JURY OF SIX (6) PERSONS**

Respectfully submitted this 6th day of April 2022

ANDERSON HEMMAT, LLC

_____
Chad P. Hemmat, Esq.
5613 DTC Parkway, Suite 150
Greenwood Village, Colorado 80111
Phone Number:  303/782-9999
Fax Number:  303/782-9996
chad@andersonhemmat.com
Attorney for Plaintiff

Plaintiffs' Address:

7479 148th Street
Surrey, BC V3S 3E8